UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMETRIUS NANCE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> EMERSON, ) <br> ) <br> Respondent. ) | No. 1:19-cv-02981-JRS-MJD |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Demetrius Nance, an inmate of the Indiana Department of Correction ("IDOC"), has filed a petition for a writ of habeas corpus challenging a prison disciplinary conviction in case number STP 19-03-0042. For the reasons explained below, the petition is **denied**.

**I.
LEGAL STANDARD**

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
## BACKGROUND

On March 7, 2019, IDOC Investigator R. Patton wrote a Report of Conduct charging Mr. Nance with trafficking, a violation of IDOC Adult Disciplinary Code A-113. Dkt. 10-1. The Report of Conduct states:

> This conduct report is based on confidential investigative file 19-STP-0002. Intelligence and evidence gathered from recorded phone calls, recorded video, and offender interviews indicate Offender Demetrius Nance, IDOC # 231708 was directly involved in trafficking between an offender and a visitor on 2/24/19. All information related to this case is confidential and may be accessed on a need to know basis.

*Id.*

According to a confidential IDOC Internal Affairs Report, a confidential informant told Investigator Patton that Mr. Nance had received narcotics from Ms. Shelby Stagg-Marion during a visit on February 24, 2019.[1] The report documents phone calls between inmate Cedric Smith and Kathryn Beagle that allegedly implicate Mr. Nance in a narcotics trafficking conspiracy. *Id.* Both Mr. Smith and Mr. Nance denied these allegations in interviews with prison officials. *Id.*

The disciplinary hearing officer provided the following summary of a surveillance video of the visitation room on February 24, 2019:

> On the above stated date/time/location, video evidence shows Offender Nance, Demetrius #231708 concluding his visit. The offender and his visitor embrace, as the offender inserts his hand into the visitors (sic) back pocket of her jeans. It appears the offender removes an unknown item from the given area. The offender keeps the given hand clenched and proceeds to the strip out waiting area. Offender Smith, Cedric #247954 exists the strip out area, puts his coat on, and proceeds to Offender Nance's location. Offender Nance can be seen clearly placing the unknown item into Offender Smith's front coat pocket and shortly after Offender Nance proceeds out process by staff.

Dkt. 10-8.

---

[1] The respondent has submitted this report as a confidential ex parte exhibit. Dkts. 17, 18, 19, 20.

2

Mr. Nance was notified of this charge on March 12, 2019, when he received a copy of the screening report. Dkt. 10-2. He pleaded not guilty, requested to call Mr. Smith and inmate James Tye as witnesses, and requested to present the following physical evidence: "phone & camera." *Id.*

Mr. Tye provided the following written statement in lieu of live testimony: "As of said Alleged (sic) date I visually witnessed no exchange / trafficking in visitation. I was there visiting a family member at same day and time as accused offender." Dkt. 10-6.

Mr. Smith provided the following written statement in lieu of live testimony: "In the Above (sic) offense, Mr. Nance never trafficked with me, put anything in my pocket, or discussed any plans of any type of trafficking. He simply put his hand in my pocket without leaving anything or putting anything in there." Dkt. 10-7.

The matter proceeded to a disciplinary hearing on April 5, 2019. Dkt. 10-5. Mr. Nance told the disciplinary hearing officer, "This didn't happen." *Id.* The disciplinary hearing officer considered the Report of Conduct, the Internal Affairs report, and the video evidence and found Mr. Nance guilty. *Id.* Mr. Nance received a 180-day deprivation of earned credit time and a demotion in credit-earning class. *Id.*

Mr. Nance appealed the disciplinary conviction to the Facility Head, arguing there was insufficient evidence to support his disciplinary conviction and that prison officials failed to disclose material exculpatory evidence. Dkt. 10-9. According to the IDOC Offender Information System, Mr. Nance did not appeal the disciplinary conviction to the IDOC Final Reviewing Authority before filing this habeas petition. Dkt. 10-10.

On May 18, 2020, the Court issued an Order directing Mr. Nance to supplement the record with a copy of his appeal to the IDOC Final Reviewing Authority. Mr. Nance has not submitted a copy of this appeal, and the time to do so has passed.

## III.
## DISCUSSION

Mr. Nance raises three grounds in his petition for a writ of habeas corpus: (1) the evidence is insufficient to support his disciplinary conviction; (2) the disciplinary hearing officer was biased; and (3) "Respondent has violated my due process and equal protection by not giving me a written 'conduct report' or necessary 'written items' required to protect my due process rights. I have no paperwork that tells me anything about my 'conduct report.'" Dkt. 1, pp. 2-3. The respondent opposes these grounds for relief and adds that Mr. Nance failed to exhaust them in his administrative appeals.

### A. Exhaustion Requirement

The respondent argues that Mr. Nance did not exhaust his administrative remedies before filing a habeas petition in federal court. Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues in a petition for a writ of habeas corpus that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

In his appeal to the Facility Head, Mr. Nance did not argue that the disciplinary hearing officer was biased or that he received inadequate notice of the charges against him. Accordingly, his requests for relief on grounds two and three are **denied**.

The parties dispute whether Mr. Nance submitted an appeal to the IDOC Final Reviewing Authority. The respondent states that it has no record of this appeal, while Mr. Nance states in a verified petition that he submitted the appeal and never received a response. In the interest of judicial economy, the Court will reserve judgment on this factual dispute and proceed to answer

the comparatively easy question of whether the evidence is sufficient to support Mr. Nance's disciplinary conviction. *See Brown v. Waters*, 599 F.3d 602, 609-610 (7th Cir. 2010).

### B.  Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

In this case, the Report of Conduct, the Internal Affairs report, and the video evidence all support the disciplinary hearing officer's finding of guilt. There is "some evidence" supporting Mr. Nance's disciplinary conviction, and his request for relief on this ground is **denied**.

### IV.
### CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Nance to the relief he seeks. Accordingly, Mr. Nance's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

**SO ORDERED**.

Date:   9/10/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

DEMETRIUS NANCE
231708
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov